# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1310V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| INEZ BUSH, | * | |
| | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: May 31, 2019 |
| | * | |
| v. | * | |
| | * | Attorney's Fees and Costs. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Gabrielle M. Fielding*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 11, 2016, Inez Bush ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she developed a shoulder injury as a result of her October 20, 2014 influenza vaccine. The parties filed a stipulation on December 21, 2018, which I adopted as my Decision awarding damages on December 27, 2018. (ECF No. 38).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from the public Decision.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorneys' fees and costs, dated March 7, 2019 (ECF No. 46) ("Fees App."), requesting a total award of $21,635.55 (representing $15,239.10 in fees, plus $6,396.45 in costs). Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of this litigation. *Id.* Respondent reacted to the motion on March 15, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 47, at 2-3. Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final attorney's fees and costs in the amount of **$21,350.65**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate amount of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner requests the following rates of compensation for her attorneys: for Ms. Amy Senerth: $225.00 per hour for work performed in 2017 and $233.00 per hour for work performed

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

in 2018; for Mr. Paul Brazil, $255.00 per hour for work performed in 2015, $275.00 per hour for work performed in 2016, $300.00 per hour for work performed in 2017, and $317.00 per hour for work performed in 2018; and for Mr. Clark Hodgson, $200.00 per hour for work performed in 2016 and 2017. *See generally* Fees App. Petitioner also requests rates for paralegals ranging from $125.00 per hour to $150.00 per hour, depending on the year of work performed. *Id.* These rates are consistent with what I and other special masters have awarded Muller Brazil, LLP attorneys and staff for their work over the respective years, and also consistent with the Office of Special Masters's fee schedule.[4] Accordingly, no adjustment to the rates is necessary.

Issues with the hours expended on this matter as reflected in the billing entries, however, require minor reductions in the total fees award. Attorneys at the Muller Brazil firm consistently billed time to assign various tasks to paralegals. While some of this billed time is reasonable, in my experience billing even 0.1 hours simply to assign filing a document to a paralegal is excessive. *See generally* Fees App. (entries on 10/11/16, 1/3/17, 2/2/17, 4/19/177/24/17, 11/14/17, 12/7/17, etc.). Additionally, paralegals billed a small amount of time on administrative or duplicative tasks, such as meeting with an attorney to discuss filing documents, or reviewing CM/ECF-generated notices for documents just filed by the paralegal (entries on 2/2/17, 4/19/17). In sum, these entries total 1.5 hours billed. To correct for these entries, I will reduce the final award of attorneys' fees by **$284.90**.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

      Petitioner requests $6,396.45 in overall costs. Most of this amount ($5,950.00) is for the work of Petitioner's exert, Dr. Naveed Natanzi, for review of medical records and preparation of an expert report. Fees App. at 23. Dr. Natanzi billed a total of 14.0 hours at $425.00 per hour. The remainder of the costs requested are for medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and Petitioner has provided adequate documentation supporting them.[5] Accordingly, Petitioner is entitled to the full amount of costs requested.

## CONCLUSION

      The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$21,350.65** as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Ms. Amy Senerth, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

      **IT IS SO ORDERED.**

      /s/ Brian H. Corcoran
      Brian H. Corcoran
      Special Master

---

[5] I reserve the right to re-examine Dr. Natanzi's hourly rate in future cases in light of the work performed in that particular case and am not determining at this time that he should appropriately receive $425.00 per hour for Vaccine Act work under all circumstances.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.